538 So.2d 1010 (1989)
STATE of Louisiana
v.
Douglas A. DiLOSA.
No. 88-K-2127.
Supreme Court of Louisiana.
February 24, 1989.
*1011 Denied. The result is correct.
CALOGERO and LEMMON, JJ., concur in denying the writ and assign reasons.
CALOGERO and LEMMON, Justices, concur in denying this writ and assign the following reasons:
In reviewing the defendant's claim that the trial court improperly allowed hearsay evidence relating to his financial situation (a possible motive) at the time of the murder, the court of appeal acknowledged the harmless error test of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1967), but concluded that even ignoring the hearsay testimony, the evidence presented by the state at trial was sufficient to support the defendant's conviction. State v. DiLosa, 529 So.2d 14, 21-27 (La. App. 5th Cir.1988). The correct application of the Chapman standard, however, assumes that the legally admitted evidence was sufficient to support the verdict and asks whether the state "`has proved beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" Satterwhite v. Texas, 486 U.S. ___, 108 S.Ct. 1792, 1798, 100 L.Ed.2d 284 (1988) (citing Chapman v. California, supra); see also, State v. Gibson, 391 So.2d 421, 426 (La.1980). Nevertheless, the same information was placed before the jury by other, properly admitted evidence, including the defendant's own statements. Other reliable evidence of defendant's finances was before the jury, and the question of motive formed only one piece of the state's strong circumstantial case against the defendant.[*]
While I do not subscribe fully to the court of appeal opinion in this case, nonetheless I concur in denial of this writ because were the writ to be granted I believe this Court would find beyond a reasonable doubt that the improperly admitted hearsay did not contribute to the jury's verdict.
NOTES
[*] In most instances writ applications are considered in this Court without the benefit of the record. If a writ is granted we secure the record for review prior to receipt of briefs, conducting of oral arguments and disposition of the case with a majority written opinion. Occasionally we will secure a record to aid us in determining whether to grant or deny a writ. The latter procedure was followed in this case. As a consequence I am able to assess the evidence and the quality of the state's case even though it is only before us on defendant's writ application.